# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL DWAYNE HOLMES, | |
| Petitioner, | No. C16-3124-LTS |
| vs. | |
| ROBERT JOHNSON, | INITIAL REVIEW ORDER |
| Respondent. | |

This matter is before the court pursuant to the petitioner's application to proceed in forma pauperis (Doc. No. 1), application for a writ of habeas corpus (Doc. No. 1-1) and application for appointment of counsel (Doc. No. 2). The petitioner submitted those applications on December 20, 2016.[1]

The petitioner submitted an affidavit that includes a statement of all the assets he possesses. *See generally* 28 U.S.C. § 1915. Based on the petitioner's statements, the court concludes that the petitioner is indigent. Thus, the petitioner's application to proceed in forma pauperis shall be granted. The clerk's office shall be directed to file the petitioner's application for a writ of habeas corpus without the prepayment of the filing fee.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application for a writ

---

[1] The petitioner signed his application for a writ of habeas corpus on December 19, 2016, but the envelope that included his application for a writ of habeas corpus bears a December 20, 2016 postmark.

of habeas corpus without ordering a response if it plainly appears from the face of such application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

Applications for habeas corpus relief are subject to a one-year statute of limitation as provided in 28 U.S.C. § 2244(d)(1). "By the terms of [28 U.S.C. §] 2244(d)(1), the one-year limitation period [. . .] begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final." *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).[2] Because the petitioner's judgment became final before the enactment of the Antiterrorism and Effective Death Penalty Act, the petitioner had from April 24, 1996 to April 24, 1997 to submit an application for a writ of habeas corpus. *See id.* (explaining that a one-year grace period applies when a judgment became final before April 24, 1996); *Holmes v. State*, No. 96-1527, 2001 Iowa App. LEXIS 200, 2001 WL 246429 (Iowa Ct. App. Mar. 14, 2001) (observing that direct appeal procedendo issued on June 22, 1994) (citing *State v. Holmes*, 520 N.W.2d 632

---

[2] 28 U.S.C. § 2244(d)(1) provides:
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(Iowa 1994)); *State v. Holmes*, Case No. FECR033229 (Black Hawk Cty. Dist. Ct. 1992);[3] *see also* 28 U.S.C. § 2244(d)(1)(A) (specifying that the 1-year period of limitation runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining 28 U.S.C. § 2244(d)(1)(A)); *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (stating that the 90 days is not applicable and the one-year statute of limitation under 28 U.S.C. § 2254 runs from the date procedendo issued if the petitioner's direct appeal does not contain a claim that is reviewable by the Supreme Court); *Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001) (stating that the running of the statute of limitation for purposes of 28 U.S.C. § 2244(d)(1)(A) is triggered by: (1) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings; or (2) the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days allowed for filing a petition for a writ of certiorari in the United States Supreme Court) (citing *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).

Due to the one-year statute of limitation under 28 U.S.C. § 2244, the petitioner's application for a writ of habeas corpus is only timely if the period was "tolled" for all but a period of less than one year between April 24, 1996, that is, the date that the grace-period started, and December 20, 2016, that is, the date that the petitioner filed the instant action. *See Peterson v. Gammon*, 200 F.3d 1202, 1204 (8th Cir. 2000). Post-conviction relief actions filed before or during the limitation period for habeas corpus actions are "pending" and the limitation period is tolled during: (1) the time "a properly filed" post-conviction relief action is before the district court; (2) the time for filing of a notice

---

[3] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

of appeal even if the petitioner does not appeal; and (3) the time for the appeal itself. *See Williams v. Bruton*, 299 F.3d 981, 983 (8th Cir. 2002) (discussing application of 28 U.S.C. § 2244(d)(2)); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("[28 U.S.C.] § 2244(d)(2) does not toll the [one-year limitation] period during the pendency of a petition for certiorari."); *Evans v. Chavis,* 546 U.S. 189, 191 (2006) (holding that an application is tolled during the interval "between (1) a lower court's adverse determination, and (2) the prisoner's filing of notice of appeal, *provided that* the filing of the notice of appeal is timely under state law"); *Snow*, 238 F.3d at 1035-36 (concluding that 28 U.S.C. § 2244(d)(2) does not toll the limitation period for the 90 days during which a petitioner could seek certiorari from a state court's denial of post-conviction relief).

Before April 24, 1996, the petitioner filed a state post-conviction relief action on November 21, 1995, and procedendo issued with respect to such action on July 2, 2001. *See Holmes v. State*, No. 96-1527, 2001 Iowa App. LEXIS 200, 2001 WL 246429 (Iowa Ct. App. Mar. 14, 2001); *Holmes v. State*, Case No. PCCV074742 (Black Hawk Cty. Dist. Ct. 1996). After his first state post-conviction relief action became final, the petitioner filed a second state post-conviction relief action on September 21, 2006, which became final on December 21, 2009. *See Holmes v. State*, Case No. PCCV099609 (Black Hawk Cty. Dist. Ct. 2007).[4] Hence, the petitioner did not pursue any type of state post-conviction relief from July 2, 2001 to September 21, 2006. *See* 28 U.S.C. § 2244(d)(2) (explaining that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending [is not counted] toward any period of limitation"). Given the period of time that

---

[4] The court notes that the petitioner filed a third state post-conviction relief action on October 18, 2010, which the Iowa District Court for Black Hawk County dismissed on October 3, 2012. *See Holmes v. State*, Case No. PCCV114270 (Black Hawk Cty. Dist. Ct. 2012). The petitioner also filed a fourth state post-conviction relief action on May 23, 2013, which became final on September 26, 2016. *See Holmes v. State*, Case No. PCCV121802 (Black Hawk Cty. Dist. Ct. 2015).

4

the petitioner sought state post-conviction relief, it is clear that over one year, that is, more than five years, passed without any portion of the applicable period being tolled. In fact, it ran after the petitioner's first state post-conviction relief action became final, and it ran again after the petitioner's second state post-conviction relief action became final because the petitioner does not account for approximately twenty months, that is, from December 21, 2009 to October 18, 2010, October 3, 2012 to May 23, 2013 and September 26, 2016 to December 20, 2016.[5]

Because the one-year statue of limitation contained in 28 U.S.C. § 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling may apply. *See King v. Hobbs*, 666 F.3d 1132, 1136 (8th Cir. 2012); *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *Moore v. United States*, 173 F.3d 1131, 1135-36 (8th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file [an application] on time." *Kreutzer*, 231 F.3d at 463; *see also Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) ("In the AEDPA environment, courts have indicated that equitable tolling, if available at all, is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (observing that equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result"); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999) (stating that equitable tolling is reserved for extraordinary circumstances beyond a prisoner's control). "[E]quitable tolling may be appropriate when conduct of the

---

[5] The court notes that the petitioner does not cite to or rely on his third state post-conviction relief action or fourth state post-conviction relief action to overcome the one-year period of limitation. *See* 28 U.S.C. § 2244(d)(1)(A)-(D) (specifying that the 1-year period of limitation runs from the latest of four dates).

[respondent] has lulled the [petitioner] into inaction." *Kreutzer*, 231 F.3d at 463 (citing *Niccolai v. United States Bureau of Prisons*, 4 F.3d 691, 693 (8th Cir.1993)).

In this case, the petitioner presents no extraordinary circumstances justifying the application of equitable tolling. *See Delaney*, 264 F.3d at 14 (clarifying that a party who seeks to invoke equitable tolling bears the burden of establishing the basis for it). The petitioner merely states that it would be a miscarriage of justice to bar him from seeking relief based on the one-year statute of limitation. But, the petitioner's dissatisfaction with the law is not a sufficient basis to toll the limitation period. *See, e.g.*, *Gordon v. Ark.*, 823 F.3d 1188, 1194-96 (8th Cir. 2016) (determining that mental condition did not cause statute to be equitably tolled); *Bear v. Fayram*, 650 F.3d 1120, 1123-25 (8th Cir. 2011) (deciding that no state-created impediment entitled the petitioner to equitable tolling); *Rues v. Denney*, 643 F.3d 618, 621-22 (8th Cir. 2011) (reaffirming that attorney's miscalculation of filing deadline does not warrant equitable tolling); *Nelson v. Norris*, 618 F.3d 886, 892-93 (8th Cir. 2010) (explaining that a petitioner must establish that he diligently pursued his rights); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (reiterating that "lack of access to legal resources does not typically merit equitable tolling"); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (explaining that confusion about limitations period or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings did not warrant equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003) (concluding that lack of understanding of the law and the effect of a voluntary dismissal does not amount to an extraordinary circumstance); *Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (determining that mental impairment did not constitute an extraordinary circumstance justifying the tolling of the limitations period). Indeed, the petitioner knew in 2001 that Iowa Code section 822.3 required him to seek post-conviction relief within three years from the date that his conviction became final. And, rather than seek habeas corpus relief after his first state post-conviction relief action became final, he opted to file a second state

post-conviction relief action over five years later. Even after his second state post-conviction relief action became final in 2009, the petitioner did not immediately seek habeas corpus relief. Instead, he waited for more than seven years to seek habeas corpus relief. Because the petitioner does not account for approximately twelve years, there is no basis to toll the applicable period.[6] *Cf. Dixon v. Wachtendorf*, 758 F.3d 992, 994 (8th Cir. 2014) (affirming dismissal of action under 28 U.S.C. § 2254 as untimely).

Further, the only claim that the petitioner asserts in his application for a writ of habeas corpus relates to jury instructions. But, habeas relief is not available on such a claim. *See Miller v. Fayram*, 416 F. App'x 577, 578 (8th Cir. 2011) (concluding that relief based on due process claim was not available whether or not 28 U.S.C. § 2244(d) applied); *Graves v. Ault*, 614 F.3d 501, 509-12 (8th Cir. 2010) (determining that the Constitution does not require a state's highest court to make retroactive its new construction of a criminal statute).

Lastly, having considered the record, the court concludes that the assistance of counsel is not warranted. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the timing of the

---

[6] Given the reliance on Iowa Code section 822.3 to resolve some of the claims in the petitioner's first state post-conviction relief action, it is likely that the petitioner's second state post-conviction relief action, third state post-conviction relief action and fourth state post-conviction relief action would have been resolved on the basis that there is a three-year period for filing a state application for post-conviction relief under Iowa Code section 822.3. *See Wemark v. Iowa*, 322 F.3d 1018, 1022 (8th Cir. 2003) (discussing Iowa Code section 822.3 and Iowa Code section 822.9, which "requires post-conviction applicants to raise all available grounds for relief in their original, supplemental, or amended applications"). If so, the petitioner's second state post-conviction relief action, third state post-conviction relief action and fourth state post-conviction relief action would not count as properly filed post-conviction relief actions.

instant action and the nature of the claim that the petitioner asserts in his application for a writ of habeas corpus, there is no basis to appoint an attorney. Accordingly, the petitioner's application for appointment of counsel shall be denied.

Based on the foregoing, the petitioner's application for a writ of habeas corpus shall be denied. Judgment shall be entered in favor of the respondent. As for a certificate of appealability, the petitioner has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability shall be denied.

**IT IS THEREFORE ORDERED**:

(1) The petitioner's application to proceed in forma pauperis (Doc. No. 1) is granted.

(2) The clerk's office is directed to file the petitioner's application for a writ of habeas corpus without the prepayment of the filing fee.

(3) The petitioner's application for a writ of habeas corpus (Doc. No. 1-1) is denied.

(4) The clerk's office is directed to enter judgment in favor of the respondent.

(5) A certificate of appealability is denied.

(6) The petitioner's application for appointment of counsel (Doc. No. 2) is denied.

**IT IS SO ORDERED.**

**DATED** this 27th day of February, 2017.

_____
LEONARD T. STRAND
CHIEF UNITED STATES DISTRICT JUDGE